**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RICHARD A. McCURDY, JR., DANIEL L. WOODALL, JR., SAMUEL STATEN, SR., ANTHONY DePAUL, JOHN R. SMITH, JR., WADE STEVENS, JR., JAMES F. SASSAMAN, ANTHONY SAMANGO JOSEPH BARILOTTI, JAMES DAVIS, JAMES HARPER and CHARLES TABOURN IN THEIR FIDUCIARY CAPACITIES AS TRUSTEES OF THE LABORERS' DISTRICT COUNCIL CONSTRUCTION INDUSTRY PENSION FUND | : : : : : : : : : : : : : | No. 03-1902 |
| 1361 Ridge Avenue Philadelphia, PA 19123        and | : : : | |
| THE LABORERS' DISTRICT COUNCIL CONSTRUCTION INDUSTRY PENSION FUND | : : : | |
| 1361 Ridge Avenue Philadelphia, PA 19123        and | : : : | |
| RICHARD A. McCURDY, JR., JAMES R. DAVIS, MILTON CAMPBELL, ANTHONY DePAUL, JAMES N. HARPER, WILLIAM A. GEPPERT, JR., WADE STEVENS, JR., AND JOHN R. SMITH, JR. IN THEIR FIDUCIARY CAPACITIES AS TRUSTEES OF THE LABORERS' DISTRICT COUNCIL HEAVY AND HIGHWAY HEALTH AND WELFARE FUND | : : : : : : : : : : | |
| 1361 Ridge Ave., 1st Floor Philadelphia, PA 19123        and | : : : | |
| THE LABORERS' DISTRICT COUNCIL HEAVY AND HIGHWAY HEALTH AND WELFARE FUND | : : : | |
| 1361 Ridge Ave., 1st Floor Philadelphia, PA 19123        and | : : : | |

MELVIN R. BARNES, SR., ALTON EL,          :
SAMUEL STATEN, SR., JAMES HARPER,         :
DANIEL L. WOODALL, JR., JOSEPH            :
BARILOTTI, WALTER P. PALMER, III,         :
WALTER P. PALMER, JR., DAVID              :
GREENE, FRANCIS PIETRINI and MARK         :
LORENZON IN THEIR FIDUCIARY               :
CAPACITIES AS TRUSTEES OF THE             :
LABORERS' DISTRICT COUNCIL                :
BUILDING AND CONSTRUCTION HEALTH          :
AND WELFARE FUND                          :
                                          :
211 North 13th Street, 6th Floor          :
Philadelphia, PA 19107          and       :
                                          :
THE LABORERS' DISTRICT COUNCIL            :
BUILDING AND CONSTRUCTION                 :
HEALTH AND WELFARE FUND                   :
                                          :
211 North 13th Street, 6th Floor          :
Philadelphia, PA 19107                    :
                                          :
DANIEL L. WOODALL, JR., WILLIE            :
BRIGHT, RICHARD A. McCURDY, JR.,          :
WADE STEVENS, JR., SAMUEL STATEN,         :
SR., JAMES HARPER AND JOHN R.             :
SMITH, JR., WALTER P. PALMER,             :
ANTHONY SAMANGO, JAMES DAVIS AND          :
JOSEPH BARILOTTI IN THEIR                 :
FIDUCIARY CAPACITIES AS TRUSTEES          :
OF THE LABORERS' DISTRICT COUNCIL         :
EDUCATION AND TRAINING FUND               :
                                          :
1361 Ridge Avenue                         :
Philadelphia, PA 19123          and       :
                                          :
THE LABORERS' DISTRICT COUNCIL            :
EDUCATION AND TRAINING FUND               :
                                          :
1361 Ridge Avenue                         :
Philadelphia, PA 19123          and       :
                                          :
JOHN R. SMITH, JR., JAMES F.              :
SASSAMAN, DANIEL WOODALL, JR. AND         :
SAMUEL STATEN, SR. IN THEIR               :
FIDUCIARY CAPACITIES AS TRUSTEES          :
OF THE LABORERS' DISTRICT COUNCIL         :
PREPAID LEGAL FUND                        :

2

```
                                    :
661 North Broad Street              :
Philadelphia, PA 19123      and     :
                                    :
THE LABORERS' DISTRICT COUNCIL      :
PREPAID LEGAL PLAN                  :
                                    :
661 North Broad Street              :
Philadelphia, PA 19123      and     :
                                    :
THE LABORERS' DISTRICT COUNCIL      :
OF THE METROPOLITAN AREA OF         :
PHILADELPHIA AND VICINITY           :
LABORERS' INTERNATIONAL UNION       :
OF NORTH AMERICA, WADE STEVENS, JR.:
AS TRUSTEE AD LITEM                 :
                                    :
665 North Broad Street              :
Philadelphia, PA 19123      and     :
                                    :
JAMES HARPER, SAMUEL STATEN, SR.,   :
WADE STEVENS, JR., DANIEL L.        :
WOODALL, JR., THOMAS E. CURRY,      :
ROBERT E. LAVELLE, SR., JOSEPH      :
BARILOTTI and HARRY I. HOPKINS,     :
IN THEIR FIDUCIARY CAPACITIES AS    :
TRUSTEES OF THE LABORERS'-          :
EMPLOYERS' COOPERATION AND          :
EDUCATION TRUST                     :
                                    :
1500 Walnut Street, Suite 1304      :
Philadelphia, PA 19103      and     :
                                    :
ROBERT E. LAVELLE and SAMUEL        :
STATEN, SR., IN THEIR FIDUCIARY     :
CAPACITIES AS TRUSTEES OF           :
LABORERS' DISTRICT COUNCIL LOCAL    :
REGIONAL, AND STATE HEALTH AND      :
SAFETY BENEFIT FUND                 :
                                    :
LABORERS' DISTRICT COUNCIL LOCAL    :
REGIONAL, AND STATE HEALTH AND      :
SAFETY BENEFIT FUND                 :
                                    :
1500 Walnut Street, Suite 1304      :
Philadelphia, PA 19103              :
```

```
CONTRACTORS ASSOCIATION OF EASTERN :
PENNSYLVANIA INDUSTRY ADVANCEMENT  :
PROGRAM                            :
                                   :
1500 Walnut Street                 :
Philadelphia, PA 19103             :
```

**Plaintiffs**

```
            vs.                    :
                                   :
C. AMODEI COMPANY, INC.            :
3977 Bristol Pike                  :
Bensalem, PA 19020                 :
```

**Defendant**

**COMPLAINT**

**I.   JURISDICTION AND VENUE**

1.    This Court had jurisdiction over the subject matter of this action pursuant to 29 U.S.C. §§ 185(a), 1132, 1145.

2.    A copy of this Complaint has been served upon the Secretary of Labor and the Secretary of the Treasury of the United States by Certified Mail.

3.    This Court is one of proper venue pursuant to 29 U.S.C. §§ 185(a) or 1132(e).

**II.   PARTIES**

4.    The Laborers' District Council Construction Industry Pension Fund (hereinafter referred to as "Pension Fund") is a trust fund established and maintained pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5), and is an employee

4

benefit plan established and maintained pursuant to §§ 3(1) and (3) of ERISA, 29 U.S.C.§§ 1002(1) and (3), which is maintained for the purpose of providing pension and retirement benefits to eligible participants.  The Pension Fund qualifies to commence this action under § 502(d)(1) of ERISA, 29 U.S.C. § 1132(D)(1).

5.   Richard A. McCurdy, Jr., Daniel L. Woodall, Jr., Samuel Staten, Sr., Anthony DePaul, John R. Smith, Jr., Wade Stevens, Jr., James F. Sassaman, Anthony Samango Joseph Barilotti, James Davis, James Harper and Charles Tabourn (hereinafter referred to as "Pension Fund Trustees") are fiduciaries within the meaning of §§ 2(21)(A) and (g) of ERISA, 29 U.S.C., § 1132(a)(3).

6.   Plaintiff, Laborers' District Council Heavy and Highway Health and Welfare Fund (hereinafter referred to as "Health and Welfare Fund"), is a trust fund established and maintained pursuant to § 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5), and is an employee benefit plan established and maintained pursuant to §§ 3(1) and (3) of ERISA, 29 U.S.C. §§ 1002(1) and (3), which is maintained for the purpose of providing health benefits and other welfare benefits to eligible participants.  The Health and Welfare Fund qualifies to commence this action under § 502(d)(1) of ERISA, 29 U.S.C. 1132(D)(1).

7.   Richard A. McCurdy, Jr., James R. Davis, Milton Campbell, Anthony J. DePaul, James N. Harper, William A. Geppert, Jr., Wade Stevens, Jr. and John R. Smith, Jr. (hereinafter referred to as "Health and Welfare Fund Trustees"), are

5

fiduciaries within the meaning of § 3(21)(A) of ERISA, 29 U.S.C. §§ 1132(A)(3) and (g), respectively.

8.   Plaintiff, Laborers' District Council Building and Construction Health and Welfare Fund (hereinafter referred to as "Health and Welfare Fund"), is a trust fund established and maintained pursuant to § 302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5), and is an employee benefit plan established and maintained pursuant to §§ 3(1) and (3) of ERISA, 29 U.S.C. §§1002(1) and (3), which is maintained for the purpose of providing health benefits and other welfare benefits to eligible participants.  The Health and Welfare Fund qualifies to commence this action under § 501(d)(1) of ERISA, 29 U.S.C. 1132(D)(1).

9.   Melvin L. Barnes, Sr., Joseph Barilotti, Alton El, David Greene, Mark Lorenzon, Walter P. Palmer, III, Walter P. Palmer, Jr. and Francis Pietrini (hereinafter referred to as "Health and Welfare Fund Trustees"), are fiduciaries within the meaning of § 3(21)(A) of ERISA, 29 U.S.C. §§ 1132(A)(3) and (g), respectively.

10.   The Laborers' District Council Education and Training Fund (hereinafter referred to as "Training Fund"), is a trust fund established and maintained pursuant to § 302(c)(5) of the LMRA, 29 U.S.C. 186(c)(5), and is an employee benefit plan established and maintained pursuant to §§ 3(1) and (3) of ERISA, 29 U.S.C. § 1132(d)(1).

11.   Daniel L. Woodall, Jr., Willie Bright, Richard A.

6

McCurdy, Jr., Wade Stevens, Jr., Samuel Staten, Sr., James Harper, John R. Smith, Jr., Walter P. Palmer, Anthony Samango, James Davis and Joseph Barilotti (hereinafter referred to as "Training Fund Trustees"), are fiduciaries within the meaning of § 1132(a)(3) and (g), respectively.

12.   The Laborers' District Council Prepaid Legal Fund (hereinafter referred to as "Legal Fund"), is a trust fund established and maintained pursuant to §§ 3(1) and (3) of ERISA, 29 U.S.C. §§ 1002(1) and (3), which is maintained for the purpose of providing prepaid legal benefits to eligible participants. The Legal Fund qualifies to commence this action under § 502(d)(1) of ERISA, 29 U.S.C. § 1132(d)(1).

13.   John R. Smith, Jr., James F. Sassaman, Daniel L. Woodall, Jr. and Samuel Staten, Sr. (hereinafter referred to as "Legal Fund Trustees") are fiduciaries within the meaning of §3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).  As such, the Legal Fund Trustees are qualified to commence this action under §§502(a)(3) and (g) of ERISA, 29 U.S.C. §§ 1132(a)(3) and (g), respectively.

14.   Plaintiff, Laborers' District Council of the Metropolitan Area of Philadelphia and vicinity, Laborers' International Union of North America (hereinafter referred to as the "Union"), is an unincorporated labor organization engaged in representing employees for the purpose of collective bargaining. Wade Stevens, Jr. is Business Manager of the Union and is duly

7

authorized to serve as Trustee Ad Litem for the purpose of these proceedings.

15.   Plaintiff, Laborers'-Employers Cooperation and Education Trust (hereinafter "LECET") is a trust fund established and maintained pursuant to §§ 302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5), and is an employee benefit plan established and maintained pursuant to §§ 3(1) and (3) of ERISA, 29 U.S.C. § 1132(d)(1).

16.   James Harper, Samuel Staten, Sr., Wade Stevens, Jr., Daniel L. Woodall, Jr., Thomas E. Curry, Robert Lavelle, Sr., Joseph Barilotti and Harry I. Hopkins (hereinafter referred to as "LECET Trustees") are fiduciaries within the meaning of § 3(21)(A) of ERISA, 29 U.S.C. § 1002 (21)(A).  As such, the LECET Trustees are qualified to commence this action pursuant to §§502(a)(3) and (g) of ERISA, 29 U.S.C. § 1132(a)(3) and (G), respectively.

17.   Plaintiffs, Robert E. Lavelle and Samuel Staten, Sr. (hereinafter referred to as "Health and Safety Fund Trustees") are fiduciaries within the meaning of § 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).  As such, the Health and Safety Benefit Fund Trustees are qualified to commence this action pursuant to §§ 502(a)(3) and (g) of ERISA, 29 U.S.C. § 1132(a)(3) and (G), respectively.

18.   Plaintiff, Contractors Association of Eastern Pennsylvania Industry Advancement Program is a non-profit

corporation representing employers in the commercial and institutional construction industry for the purpose of collective bargaining.

19. Defendant, C. Amodei Company, Inc., (hereinafter referred to as "C. Amodei" or "Defendant") is an employer in and affecting commerce within the meaning of §§ 3(5),(11) and (12) of ERISA, 29 U.S.C. §§ 1002(5),(11) and (12) and Sections (6) and (7) of the National Labor Relations Act, as amended, 29 U.S.C. §152(2)(6) and (7) (hereinafter referred to as the "N.L.R.A.").

20. Defendant, C. Amodei, is a corporation authorized to conduct business in the Commonwealth of Pennsylvania. Defendant maintains its primary place of business at 3977 Bristol Pike, Bensalem, PA 19020.

### III. STATEMENT OF THE CLAIM

21. At all times relevant, C. Amodei and Plaintiff, Union have been parties to a Collective Bargaining Agreement.

22. The Defendant, C. Amodei also signed and/or agreed to abide by the terms of the agreements and declarations of trust of the Plaintiff Funds, as from time to time amended ("Trust Agreements") made between certain employers and employee representatives in an industry(ies) affecting interstate commerce to promote stable and peaceful labor relations.

23. The Collective Bargaining Agreement contains provisions whereby Defendant, C. Amodei, was required to deduct designated

amounts for Union working dues and contributions to the Laborers' District Council Local, Regional, State Health and Safety Benefit Fund from the wages of all employees covered by the Collective Bargaining Agreement and was required to pay such amounts to the union.

24. Under the Labor Contract or Trust Agreements, Defendant agreed:

     a.   to make full and timely payments on a monthly basis to the Funds, Union and Industry Advancement Program as required by the Labor Contracts;

     b.   to file monthly remittance reports with the Funds detailing all employees or work for which contributions were required under the Labor Contract;

     c.   to produce upon request by the Funds, individually or jointly, all books and records deemed necessary to conduct an audit of the Company's records concerning its obligations to the Funds and Union; and

     d.   to pay liquidated damages and all costs of litigation, including attorneys fees, expended by the Funds and Union to collect any amounts due as a consequence of the Company's failure to comply with its contractual obligations described in subparagraphs (1),(b) and (c) above.

10

25. Based upon an audit conducted by Plaintiffs, Defendant, C. Amodei owes delinquent benefit contributions in the amount of $112,618.68 for the period January 1, 2001 through June 30, 2002.

26. Plaintiffs believe and therefore aver that Defendant owes benefit fund contributions for work performed for which no remittance forms have yet been received.

27. All delinquent contributions herein have remained unpaid for more than thirty (30) days beyond the date on which they were due pursuant to the terms of the Collective Bargaining Agreement and Trust Agreements.

28. This action is brought by the fiduciaries of the above Funds pursuant to § 502(g)(2), 29 U.S.C. § 1132(g)(2) to enforce § 515 of ERISA, 29 U.S.C. § 1145, pursuant to which the Court is directed to award all unpaid contributions, interest and liquidated damages up to or exceeding twenty per cent, reasonable attorney's fees, court costs and any other fees or relief which the Court deems appropriate.

29. Under the terms of the Collective Bargaining Agreement, Defendant, C. Amodei, is contractually obligated to pay liquidated damages.

## COUNT I - BREACH OF CONTRACT
## PLAINTIFFS V. DEFENDANT

30. The allegations of Paragraphs 1 through 29 are incorporated by reference as if fully restated.

31. Defendant owes the Funds and Union the sum of at least

$112,618.68 for the period of January 1, 2001 through June 30, 2002 plus interest in an amount to be calculated in accordance with applicable law.

32. Defendant has not made payments to the Funds and Union as required by the Labor Contract and/or Trust Agreements and as such, are in violation of § 301 of the LMRA, 29 U.S.C. § 185(a).

**WHEREFORE,** Plaintiffs ask that the Court:

(1) Enter judgment in favor of the Plaintiffs, and against the Defendant, in the amount of $112,618.68 plus interest to be calculated in accordance with applicable law, and liquidated damages as demanded, plus any additional amounts which are found to be due and owing during the pendency of this litigation, interest audit fees, and attorneys' fees incurred in this action or in the collection and enforcement of any judgment, as provided by the Labor Contract and/or Trust Agreements.

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT II - ERISA
## FUND PLAINTIFFS V. DEFENDANT

33.   The allegations of Paragraphs 1 through 32 are incorporated by reference as if fully restated.

34.   Defendant has failed to make payment of contributions in the amount of $112,618.68 (pertaining to the period of January 1, 2001 through June 30, 2002) to the Funds in violation of 29 U.S.C. § 1145.

35.   The Funds have been damaged by Defendant's violation of 29 U.S.C. § 1145.

**WHEREFORE,** Plaintiffs ask that the Court:

(1)   Enter judgment against the Defendant, and in favor of the Funds, in the amount of $112,618.68 plus any additional amounts which are found to be owing during the pendency of this litigation, interest and costs, including reasonable audit fees and attorneys' fees incurred in this action or in the collection or enforcement of any judgment, as provided in the Labor Contract or Trust Agreements or any amounts which are found to be due and owing during the pendency of this litigation, together with interest at the rate prescribed in 26 U.S.C. § 6621, liquidated damages equal to the greater of the interest on the unpaid contributions or liquidated damages provided by the documents governing the Funds or statute and reasonable attorneys' fees and costs incurred in this action or the collection or enforcement of any judgment.

13

(2)  Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

### COUNT III - AUDIT/ACCOUNTING
### PLAINTIFFS V. DEFENDANT

36.  The allegations of Paragraphs 1 through 35 are incorporated by reference as if fully restated.

37.  The amount of contributions Defendant is required to pay to the Funds and Union is based upon hours worked and wages paid to the employees performing work covered by the Labor Contract.

38.  The Plaintiffs are without sufficient information or knowledge to plead the precise nature, extent and amount of the Defendant's delinquency for the period July 2002 through and including the present, since the books, records and information necessary to determine such liability are in the exclusive possession, custody, control or knowledge of the Defendant.

39.  Computation of the precise amount of an employer's delinquency is ordinarily achieved by an audit of the employer's books and records and/or calculated from contractually required remittance reports submitted by the employer.

40.  Plaintiffs do not have sufficient information at the present time to calculate the amount of any deficiency from July 2002 through the present.

41.  Defendant is required by the Labor Contract, Trust Agreements and/or applicable law to permit the Funds to audit its

14

records and to cooperate with the Funds in determining the amount of contributions due.

42.   Plaintiffs have no adequate remedy at law for the calculation of damages suffered from July 2002 through and including the present as a result of Defendant's breach of its obligations and therefore require an audit.

43.   All conditions precedent to equitable relief have been satisfied.

**WHEREFORE**, the Fund and Union Plaintiffs ask that the Court:

(1)   Enjoin the Defendant, its officers, agents servants, employees, attorneys and all others in active concert or participation with them to permit an audit of all records from July 1, 2002 through the present under the actual or constructive control of the defendant, and in the absence of records, to cooperate in alternative methods for the determination of work for which contributions are due; and

(2)   Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

### COUNT IV - CONTRIBUTIONS UNDER CONTRACT AFTER AUDIT
### ALL PLAINTIFFS V. DEFENDANT

44.   The allegations of Paragraphs 1 through 43 are incorporated by reference as if fully restated.

45.   Defendant has failed to make contributions to the Funds and Union as required by the Labor Contract or Trust Agreements.

46.   Plaintiffs have been damaged by the failure of

15

Defendant to make contributions as required by its Labor Contract or Trust Agreements.

**WHEREFORE,** Plaintiffs ask that the Court:

(1)  After an audit, enter judgment against the Defendant and in favor of the Plaintiffs individually for the amount of contributions found due and owing by an audit, together with liquidated damages, interest and costs, including reasonable audit fees and attorneys' fees incurred in this action or in the collection and enforcement of any judgment, as provided in the Labor Contract or Trust Agreements; and

(2)  Grant such other relief, legal or equitable, as may be just, necessary or appropriate.

### COUNT V - CONTRIBUTIONS UNDER ERISA, AFTER AUDIT
### FUND PLAINTIFFS V. DEFENDANT

47.  The allegations of Paragraphs 1 through 46 are incorporated by reference as if fully restated.

48.  On information and belief, Defendant has failed to make contributions to the Funds in violation of 29 U.S.C. § 1145.

49.  The Plaintiffs are without sufficient information or knowledge to plead the precise nature, extent and amount of the Defendant's delinquency for the period July 1, 2002 through the present, since the books, records and information necessary to determine this liability are within the possession, control and knowledge of the Defendant.

50.  On information and belief, the Plaintiff Funds have

been damaged by Defendant's violation of 29 U.S.C. § 1145.

**WHEREFORE**, Plaintiffs ask that this Court:

(1)  After an audit, enter judgment against the Defendant, and in favor of the Plaintiff Funds individually for the contributions found due and owing by the audit, together with interest at the rate prescribed in 26 U.S.C. § 6621 from the due date of the payment until the date of the actual payment, liquidated damages equal to the greater of the interest on the unpaid contributions or liquidated damages provided by the Plan document or statute and reasonable audit fees and attorneys' fees and costs incurred in connection with any proceedings to enforce or collect any judgment; and

(2)  Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

                    MASTERSON, BRAUNFELD
                       & MILNER, LLP


          By:  _____
               Nancy L. Goldstein, Esquire
               **Attorney for Plaintiffs**
               I.D. No. 40019
               Suite 702
               One Montgomery Plaza
               Norristown, PA 19401
               610/277-1700


**DATED:**

17

## **CERTIFICATE OF SERVICE**

        Nancy L. Goldstein, Esquire, hereby certifies that a true
and correct copy of the foregoing Complaint has been served by
Certified Mail, as required by § 502(h) of the Employment
Retirement Income Security Act of 1974, 29 U.S.C. § 1132(h) on
the date listed herein, upon the following:

                        Secretary of the Treasury
                        Internal Revenue Service
                        1111 Constitution Ave., NW
                        Washington, D.C. 20224
                        Attn: T:EP

            and

                        Secretary of Labor
                        200 Constitution Ave.
                        Washington, D.C. 20002
                        Attn:  Assistant Solicitor
                                for Benefits Security


                                MASTERSON, BRAUNFELD
                                    & MILNER, LLP


                        By:  _____
                                Nancy L. Goldstein
                                Attorney for Plaintiffs


**DATED:**

18